UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PENINSULA PLASTICS, INC.,

                             Plaintiff,                            No. 04-73376
                                                      Hon. Gerald E. Rosen

vs.

CULTEC, INC.,

                             Defendant.
_____/

OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND
DEFENDANT'S MOTION TO TRANSFER VENUE

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on         May 11, 2005

PRESENT:    Honorable Gerald E. Rosen
                     United States District Judge

I. INTRODUCTION

This action is presently before the court on two motions filed by Defendant, Cultec, Inc.

Defendant's first motion is for dismissal of the suit for failure to join necessary parties under

Fed. R. Civ. P. 12(b)(7) and Fed. R. Civ. P. 19. Defendant's second motion requests a transfer of

venue pursuant to Fed. R. Civ. P. 19, 28 U.S.C. § 1391(a), and 28 U.S.C. § 1404(a). Having

reviewed and considered the parties' respective briefs and supporting documents, the Court has

concluded that oral argument is not necessary. Therefore, pursuant to Local Court Rule

7.1(e)(2), this matter will be decided on the briefs. This Opinion and Order sets forth the Court's

ruling.

1

II. <u>FACTUAL BACKGROUND</u>

Plaintiff, Peninsula Plastics, Inc. ("Peninsula"), is a Michigan corporation with its principal place of business in Michigan. Defendant, Cultec, Inc., is a Connecticut corporation with its principal place of business located in Connecticut. Plaintiff and Defendant entered into a "Fabrication Agreement" effective June 29, 2001, in which the parties agreed that Plaintiff would supply products to Defendant that were manufactured using Defendant's molds and tooling. The Agreement provided that Cultec would provide purchase orders to Peninsula. Upon receipt of the purchase orders, Peninsula would then purchase the necessary raw materials, manufacture the requested goods, and upon completion, would invoice Cultec for the manufactured products.

In October 2002, Richard Jositas, Peninsula's President and Chief Executive Officer, created a company, Cultec of Michigan ("COM") to buy and sell Cultec's products. COM would purchase products directly from Cultec and, in turn, handle the marketing of the products; however, there is not a written agreement between COM and Cultec.

Peninsula alleges that in February 2004 Cultec agreed to allow Peninsula to rework the tooling for Cultec's 330 HD leaching chamber. Peninsula changed the tooling and produced a prototype. Problems subsequently developed with the original 330 HD leaching chamber. Both the original 330 HD leaching chamber and the prototype developed by Peninsula were then tested at Ohio University and both failed that testing. Peninsula alleges that after the defects in the 330 HD leaching chamber became apparent, Cultec stopped paying Peninsula for products. Peninsula alleges that Cultec has refused to pay invoices for products manufactured under purchase orders, including invoices for products other than the 330 HD leaching chamber. In

2

addition, Peninsula alleges that Cultec has refused to pay for the raw materials purchased by Peninsula to manufacture products that were ordered by Cultec prior to cancellation.

After Cultec stopped producing the 330 HD leaching chamber, COM was allegedly left with inventory that could not be sold because either the product was defective, or because Cultec had forbidden COM from using the "Cultec" name or any of its trademarks. COM has assigned any claims or liabilities regarding its dealings with Cultec to Peninsula. Thus, Peninsula is pursuing COM's claims under this assignment in addition to its own claims.

III. CULTEC'S MOTION TO DISMISS FOR FAILURE TO JOIN NECESSARY PARTIES

    A.    *Defendant's Motion to Dismiss for Failure to Join Necessary Parties*

Defendant first moves to dismiss the claims against it for failure to join necessary parties under Fed. R. Civ. P. 12(b)(7). Defendant argues that both COM and Richard Jositas are necessary parties under Fed. R. Civ. P. 19, because they have an interest in this litigation and Cultec cannot receive complete recovery in their absence.

Defendant alleges that during its business relationship with COM, COM ordered $134,000 worth of goods that were later delivered and accepted by COM. Cultec alleges that COM was then billed for that amount owed but refused to pay. COM allegedly claimed to be holding the $134,000 to compensate Plaintiff for its claims against Cultec. In addition, Cultec argues in its motion that it will be seeking an injunction against the sharing of Cultec trade secrets, which would require the Court to join both COM and Jositas as parties in order to grant Cultec complete relief.

Plaintiff counters that any potential counterclaim that might be filed regarding the $134,000 could be filed against Peninsula, as COM assigned all of its claims and liabilities

arising out of COM's business dealings with Cultec to Peninsula.  Further, Peninsula points out that no counterclaim has been filed nor has any request for injunction been made, making it unnecessary for joinder of COM and Jositas.

  B.  *Legal Analysis*

  Cultec has brought this motion for dismissal based on failure to join necessary parties, or in the alternative for the joinder of COM and Richard Jositas.  First Cultec argues that it cannot receive complete relief without joining COM and Jositas.  However, as indicated above, Cultec has not filed a counterclaim or a request for an injunction.  Cultec can receive complete relief by filing a third-party claim against COM or Jositas under Fed. R. Civ. P. 18.  Joinder of COM and Jositas is therefore not necessary under Rule 19 to ensure that Defendant can be granted complete relief.

  Cultec further argues that it cannot be granted complete relief as to the $134,000 which it alleges COM has not paid.  However, COM has assigned all of its claims and liabilities to Peninsula.  Thus, it is not necessary to join COM as a party to resolve that dispute, as Peninsula accepted through assignment, all of COM's liabilities and defenses in relation to business dealings between COM and Cultec.

  Further, it is not necessary to join COM or Jositas under Rule 19, because they do not have an interest in this litigation.  COM has assigned all of its claims to Peninsula, thus negating any interest COM may have had in litigation with Cultec. Jositas also has no interest in this litigation in a personal capacity.

  Accordingly, Defendant's motion to dismiss based on failure to join necessary parties will be denied.

4

## IV.  CULTEC'S MOTION FOR CHANGE OF VENUE

A.      *Motion to Change Venue Under 28 U.S.C. §1391*

Defendant brings this motion to transfer venue based on improper venue under 28 U.S.C.

§1391.  Jurisdiction in this Court is based on diversity of citizenship, therefore the Court must

look to 28 U.S.C. §1391(a) to determine where venue is proper.  Under §1391(a)(2) venue is

proper in this district because "a substantial part of the events . . . giving rise to the claim

occurred" in this district. 28 U.S.C. §1391(a)(2).

Defendant agues that all of the significant events leading to Plaintiff's claim took place in

Connecticut or other districts, such as Massachusetts.  Specifically, Cultec alleges that the goods,

both conforming and non-conforming, were sent to Cultec customers in Connecticut and

Massachusetts.  Cultec also argues that any design it may have created would have been created

in Connecticut.  In addition, Cultec states that the Fabrication Agreement was executed by

Cultec in Connecticut.  However, Plaintiff alleged in its Complaint that it manufactured goods in

Michigan for Defendant.  It is additionally alleged that Defendant failed to pay the agreed

amount for those goods.  These goods and lack of payment form the basis of Plaintiff's suit

against Defendant.

The term "substantial part" in 28 U.S.C. §1391 has been defined by the United States

Court of Appeals for the Sixth Circuit to mean "any forum with a substantial connection to the

plaintiff's claim."  *See IFL Group Inc. v. World Wide Flight Services, Inc.,* 306 F. Supp. 2d 709,

711 (E.D. Mich. 2004) (quoting *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir.

1998)).  While some of the events underlying Plaintiff's claim are related to Connecticut, there

are also significant events that occurred in Michigan.  Plaintiff, a Michigan corporation, manufactured the goods involved in this claim in Michigan.  The connections between Michigan and Plaintiff's claim are, thus, sufficient for venue to be proper in this district.  Therefore, the Court will deny Defendant's motion for improper venue.

   B.  *Motion to Change Venue Under 28 U.S.C. §1404*

   Additionally, Defendant moves this Court to order that venue be transferred to the United States District Court for the District of Connecticut on forum non conveniens grounds under 28 U.S.C. §1404.  Defendant argues that the only connection this case has with Michigan is the location of Plaintiff and Plaintiff's counsel.  Instead, Defendant argues there are more substantial contacts between Plaintiff's claim and Connecticut.

   The factors that are relevant to the court's consideration of transferring venue are:

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice.

*Helder v. Hitachi Power Tools, USA Ltd.*, 764 F. Supp. 93, 96 (E.D. Mich. 1991).

   Defendant first argues that the only connection Plaintiff's claim has with Michigan is the location of Plaintiff and its attorney.  While the location of Plaintiff's counsel is not relevant to a venue determination, the location of the parties is relevant.  "When a defendant moves to change the forum, he must overcome the presumption that the plaintiff has chosen the proper forum." *General Motors Corp. v. Ignacio Lopez de Arriotua*, 948 F. Supp. 656, 668 (E.D. Mich. 1996) (citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508-09 (1947)).  This Court will give weight to Plaintiff's proper venue choice unless there is sufficient reason to change venue.  While it may

be inconvenient for Defendant to defend suit in this district, it would also be inconvenient for Plaintiff to pursue its claim if venue were transferred to Connecticut. Both companies would prefer venue in the state where each is located, but that is not a sufficient reason for transfer of venue. "Merely shifting the burden from one party to another is impermissible." *Grand Kensington, LLC v. Burger King Corp.*, 81 F. Supp.2d 834, 837 (E.D. Mich. 2000) (citing *Evans Tempcon, Inc. v. Index Industries, Inc.*, 778 F. Supp. 371, 377 (W.D. Mich. 1990)).

The second factor the Court considers is the convenience of the witnesses. This factor does not favor either party. In its motion, Defendant suggests that the necessary witnesses in this case include the parties, their employees, and Cultec customers and distributors. Defendant alleges that its employees are in Connecticut, as well as two Cultec customers who received defective goods from Plaintiff. While Defendant argues that its employees would be inconvenienced by traveling to Michigan for court proceedings, Plaintiff argues that it, too, would be inconvenienced by requiring its employees to travel to Connecticut. Defendant has the burden of proving that transfer of venue should be granted. *IFL Group, Inc. v. World Wide Flight Services, Inc., supra* 306 F. Supp. 2d at 714. Defendant's motion to transfer venue fails to specify precisely which witnesses are relevant to its claim, the importance of such witnesses, or the extent of their testimony. Instead, Defendant lists only general categories of witnesses. Neither party listed specific witnesses necessary for trial that would be inconvenienced, nor did either party provide any supporting evidence suggesting that such witnesses would be inconvenienced in any manner other than traveling to another state. Thus, there is not sufficient evidence that either party would be more inconvenienced in the production of witnesses.

In addition, neither Defendant nor Plaintiff has presented any argument or evidence

suggesting that there are any witnesses unwilling to testify who could not be compelled to testify if venue remained in this district.  Thus, this factor does not tip the scales in either party's favor.

Defendant also argues that because all documents relevant to Plaintiff's claim, such as purchase orders, are kept in Connecticut, the Court should consider transferring venue.  While Defendant may have relevant documentation in its possession in Connecticut, Plaintiff argues in response that there will be Peninsula documentation relevant to Plaintiff's claim that is located in Michigan.  As this Court has previously held, the movement of documentation is fairly easy and inexpensive, resulting in a small burden, if any, on Defendant.  *See Grand Kensington, LLC v. Burger King Corp.*, *supra*.  Thus, this factor does not weigh heavily in favor of transferring venue to Connecticut.

Finally, the Court considers whether a transfer of venue is necessary in the interest of justice.  Defendant offers no argument or evidence to support why the interest of justice would require a transfer of venue.  Although Defendant does focus on the events that occurred in Connecticut and the documents and witnesses that are found in Connecticut, as previously discussed, there were significant events underlying Plaintiff's claim that took place in this district, as well.  The interest of justice, therefore, does not suggest that this Court should transfer venue to Connecticut.

As indicated above, the defendant bears the burden of proof to show that the court should transfer venue to another district.  *IFL Group, Inc. v. World Wide Flight Services, Inc., supra*.  Considering all of the factors relevant to transferring venue to Connecticut, this Court finds that Defendant has not met its burden.  While venue may have been proper in Connecticut had the case been filed there, there are not sufficient reasons to transfer venue from this district.  Merely

8

shifting the inconvenience of trial in another state from the defendant to the plaintiff is not an

adequate reason for transfer.  *Grand Kensington, LLC v. Burger King Corp.*, *supra* 81 F. Supp.

2d at 837.   Therefore, Defendant's forum non conveniens motion to transfer venue will be

denied.


## V.  CONCLUSION

For all of the reasons set forth above in this Opinion and Order, and the Court being

otherwise fully advised in the premises,

IT IS HEREBY ORDERED that the Defendant's Motion to Dismiss and Defendant's

Motion to Transfer Venue are DENIED.




s/Gerald E. Rosen_____
Gerald E. Rosen
United States District Judge

Dated:  May 11, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on
May 11, 2005, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry_____
Case Manager